UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOEL BAPTISTA,<br><br>            Petitioner,<br><br>      vs.<br><br>KEN CLARK, Warden,<br><br>            Respondent. | Case No. C 09-4382 SBA<br><br>Related to:<br>C 09-2406 SBA<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION**<br><br>ECF Nos. 6, 10 |

Through counsel, Petitioner, Joel Joaquine Baptista, a state prisoner incarcerated at the California Substance Abuse Treatment Facility, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss the instant petition as untimely under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner opposes the motion to dismiss.  For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

I.      **BACKGROUND**

        A.      **UNDERLYING CONVICTION AND DIRECT APPEAL**

        On August 11, 1995, Petitioner was convicted following a jury trial in Alameda County Superior Court ("Superior Court") of lewd and lascivious acts on a child under fourteen and continuous sexual abuse of a child under fourteen in violation of California Penal Code §§ 288(a) and 288.5, respectively.  Resp't Ex. 2 at 5, ECF No. 6-1.  The Superior Court found that Petitioner had suffered a prior conviction of unlawful oral copulation, and sentenced Petitioner to state prison for a term of fifty-three years.  Id.  On

July 25, 1997, the California Court of Appeal affirmed the conviction, but reduced his sentence to forty-one years.  Id. at 6-7.  On September 3, 1997, Petitioner filed a petition for review with the California Supreme Court.  Id. at 1.  The supreme court denied his petition on October 15, 1997.  Id. Ex. 5.

### B.   COLLATERAL ATTACKS ON CONVICTION

On or about October 2, 1998, Petitioner retained attorney Frank Prantil for the purpose of filing a petition for writ of habeas corpus to collaterally attack his conviction. Pet. Ex. 2 at 29-30, ECF No. 1-2.  Twelve days later, on October 14, 1998, Mr. Prantil filed an initial state habeas petition in Superior Court on behalf of Petitioner.  Resp't Ex. 4.  The petition alleged claims for:  (1) ineffective assistance of appellate counsel; (2) that his conviction was based on a preponderance of evidence, as opposed to beyond a reasonable doubt; and (3) that the trial court failed to instruct on a lesser included offense.  Id.  On June 3, 1999, Mr. Prantil filed a Supplement to Petition for Writ of Habeas Corpus, which added a claim that appellate counsel was ineffective based on his failure to obtain a complete record on appeal.  Id.  Ex. 5.  The Superior Court denied the original and supplemental petition on July 21, 1999.  Id. Ex. 6.

On October 12, 1999, Petitioner, again through Mr. Prantil, filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same claims previously raised in his first Superior Court petition.  Pet. Ex. 1.  The Court of Appeal denied the petition on October 20, 1999.  Resp't Ex. 7.

Between December 1999 and 2004, Petitioner and Mr. Prantil exchanged correspondence regarding the further handling of the case.  Pet. ¶¶ 6-20.  By letter, dated April 20, 2004, Mr. Prantil urged Petitioner to file a habeas petition in the California Supreme Court, and once that petition was rejected, to "file immediately with the federal court."  Pet. Ex. C at 64.  Mr. Prantil stated that it would cost Petitioner an additional $7,500 if he wanted to retain him to handle the federal habeas filing.  Id.  Based on the record presented, it does not appear that there were any further communications between Petitioner and Mr. Prantil.

1    On August 6, 2007, the California State Bar ("State Bar"), through attorney William

2    Bonham, notified Petitioner that Mr. Prantil had died in October 2006.  Pet. Ex. 2 at 76,

3    ECF No. 1-2.  Though Mr. Bonham had previously attempted to contact Petitioner about

4    Mr. Prantil's death, his letter was sent to an old prison address and returned as

5    undeliverable.  Id.

6    Sometime after being notified of Mr. Prantil's death, Petitioner and his mother

7    submitted an application to the State Bar Client Security Fund ("CSF") Commission to

8    recover the $10,900 the mother had paid to Mr. Prantil.  Id. at 80.  The California State Bar

9    of Governors created the CSF "to relieve or mitigate pecuniary losses caused by the

10   dishonest conduct of active members of the State Bar . . . ."  Cal. Bus. & Prof. Code

11   § 6140.5(b).  On February 28, 2008, the CSF Commission approved the application and

12   ordered that the sum of $10,900 be reimbursed to Petitioner.  Id. at 85.

13   In the meantime, on January 14, 2008—161 days after being notified of Mr. Prantil's

14   death—Petitioner, acting pro se, filed a second petition for writ of habeas corpus in the

15   Superior Court, alleging claims of sentencing error.  Resp't Ex. 8 at 3.  Judge Goodman

16   denied the petition the same day it was filed.  Id. Ex. 9.

17   On February 25, 2008, Petitioner filed a second pro se habeas petition with the

18   California Court of Appeal, which denied the petition on March 5, 2008.  Id. Ex. 10.

19   On April 21, 2008, Petitioner filed a pro se petition for writ of habeas corpus in the

20   California Supreme Court based on his claims of sentencing error, which was denied on

21   September 17, 2008.  Id. Exs. 11, 12.

22   On December 3, 2008, Petitioner filed a second, pro se habeas petition in the

23   California Supreme Court.  Id. Ex. 13.  In addition to presenting the same claims as his

24   1998-1999 habeas petitions, Petitioner added a new claim for ineffective assistance of

25   appellate counsel.  Id. at 5.  On June 10, 2009, the court denied the petition with citations to

26   In re Robbins, 18 Cal.4th 770, 780 (1998) and In re Clark, 5 Cal.4th 750 (1993).  Resp't

27   Ex. 14.

28

C.    **THE INSTANT HABEAS PETITION**

On September 17, 2009, Petitioner, through new counsel, filed the instant federal habeas petition alleging the same claims as his second habeas petition which he filed in the California Supreme Court in December 2008.[1]  Respondent filed a motion to dismiss on February 24, 2010.  Petitioner filed his opposition on May 3, 2010, and Respondent filed his reply on June 15, 2010.  The matter is fully briefed and is now ripe for decision.

## II.    DISCUSSION

### A.    OVERVIEW

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Prisoners challenging non-capital state convictions or sentences must file a petition within one-year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented Petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme

---

[1] On May 29, 2009, Petitioner, acting pro se, filed a habeas petition in this Court, styled as Joel Joaquine Baptista v. Ken Clark, C 09-2406 SBA, also challenging the same underlying Superior Court conviction.  His pro se petition raises the same claims of sentencing error presented in his habeas petition filed in the California Supreme Court on January 14, 2008.  On June 15, 2010, the Court deemed C 09-4382 SBA related to C 09-2406 SBA, pursuant to Civil Local Rule 3-10.

1    Court, whether he actually files such a petition or not.  Bowen v. Roe, 188 F.3d 1157, 1159

2    (9th Cir. 1999).

3         Here, the California Supreme Court denied review on October 15, 1997.  Thus, the

4    limitations period began on *January 13, 1998*, i.e., the deadline to file a Petition for Writ of

5    Certiorari with the United States Supreme Court.  Petitioner was thus required to file his

6    federal habeas petition no later than *January 13, 1999*.  See 28 U.S.C. § 2244(d).  However,

7    Petitioner filed his habeas petition in this Court on September 17, 2009, which is more than

8    ten years after the limitations period had expired.  Absent Petitioner's showing of either

9    statutory or equitable tolling, the petition is subject to dismissal under the AEDPA.  See

10   Banjo v. Ayers, --- F.3d ---, 2010 WL 2403751, at *2 (9th Cir. June 17, 2010) ("[petitioner]

11   bears the burden of proving that the statute of limitations was tolled").

12        **B.    STATUTORY TOLLING**

13        Under the AEDPA, the statute of limitations is tolled during the time a properly filed

14   application for post-conviction relief is "pending" in state court.  28 U.S.C. § 2244(d)(2).

15   In California, where prisoners generally use the state's "original writ system," this means

16   that the limitation period remains tolled during the intervals between a state court's

17   disposition of an original state habeas petition and the filing of a further original state

18   habeas petition in a higher court, provided the prisoner did not delay unreasonably in

19   seeking review in the higher court.  See Carey v. Saffold, 536 U.S. 214, 220-23(2002);

20   Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  In other words, a petition is not

21   "pending" during an unreasonable delay between state court applications.  Carey, 536 U.S.

22   at 225; Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

23        Under California law, a prisoner seeking collateral review must file a habeas petition

24   within a reasonable time.  Carey, 536 U.S. at 222-23.  The California Supreme Court,

25   however, has not defined the meaning of "reasonable time" in this context.  See Chaffer v.

26   Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010) (per curiam).  As such, a federal court

27   must "examine the delay in each case and determine what the state courts would have held

28   in respect to timeliness."  Evans v. Chavis, 546 U.S. 189, 198 (2006).  Where, as here, the

1    state court does not explicitly deny a post-conviction application as untimely, the federal

2    court must independently determine whether there was unreasonable delay between state

3    court applications that would render the federal application for habeas relief untimely.

4    <u>Carey</u>, 536 U.S. at 226-27.

5          As noted, the limitations period in this case commenced to run on January 13, 1998.

6    Petitioner filed his first petition for state habeas relief in Superior Court on October 14,

7    1998.  At that point, 274 days of the 365-day AEDPA limitations period had elapsed.  The

8    Superior Court denied the petition on July 21, 1999.  There is no dispute that the statute of

9    limitations was tolled from October 14, 1998 to July 21, 1999.  Thus, as of July 21, 1999,

10   Petitioner had ninety-one days to file his federal habeas petition, meaning that his filing

11   federal habeas petition deadline was October 20, 1999.

12         On October 12, 1999—eighty-three days after the Superior Court denied Petitioner's

13   habeas petition—Petitioner filed his first petition in the California Court of Appeal, which

14   the court denied eight days later on October 20, 1999.  While it is clear that the statute was

15   tolled during the eight-day window of time that his petition was under submission with the

16   appellate court, the Court agrees with Respondents that the eighty-three day gap between

17   the denial of his petition at the Superior Court on July 21, 1999, and his filing of the

18   petition with the court of appeal on October 12, 1999, is not subject to statutory tolling.

19   See <u>Chaffer</u>, 592 F.3d at 1048 ("filing delays . . . substantially longer than the '30 to 60

20   days'" not reasonable under California law) (per curiam); <u>Culver v. Dir. of Corr.</u>, 450 F.

21   Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (97-day and 71-day delays unreasonable);

22   <u>Livermore v. Watson</u>, 556 F. Supp. 2d 1112, 1117 (E.D. Cal. 2008) (78-day delay

23   unreasonable).[2]  Without the benefit of such tolling, Petitioner had until October 28, 1999

24

25

26         [2] Petitioner argues that the foregoing cases are distinguishable ostensibly because
     this case involves "explained delay."  Pet'r Opp'n at 2.  However, Petitioner fails to offer
27   any explanation to justify his delay.  Since it is Petitioner's burden of proving that the
     statute was tolled, his failure to proffer such an explanation renders his argument
28   unavailing.

1   to file his federal habeas petition.  Yet, Petitioner did not file the instant action until

2   September 17, 2009, almost ten years after the statute of limitations already had expired.

3          Even if the Court were to conclude that the statute of limitations was tolled during

4   the eighty-three day period as set forth above (plus an additional eight days while his

5   habeas petition was under submission with the Court of Appeal from October 12 to October

6   20, 1999), Petitioner's AEDPA deadline only would have been extended to *January 20,*

7   *2000* (i.e., ninety-one days after October 20, 1999).  However, Petitioner's next habeas

8   filing did not occur until *January 14, 2008*, when he filed his second habeas petition in the

9   Superior Court.  Statutory tolling only applies to "the intervals between the state court's

10  disposition of a state habeas petition and the filing of a petition at the *next state appellate*

11  *level*."  Nino, 183 F.3d at 1005 (emphasis added).  Since the January 2008 petition was

12  filed in the Superior Court, and not "the next state appellate level," the gap from October

13  1999 to January 2008 is not subject to statutory tolling.

14          C.      EQUITABLE TOLLING

15          The one-year limitations period under the AEDPA "is subject to equitable tolling in

16  appropriate cases."  Holland v. Florida, -- U.S. --, --, 130 S.Ct. 2549, 2560 (2010).  "When

17  external forces, rather than a petitioner's lack of diligence, account for the failure to file a

18  timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v.

19  Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking the shelter of equitable

20  tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some

21  extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 2562

22  (quoting in part Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The petitioner's burden

23  in this respect "is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292

24  F.3d 1063, 1066 (9th Cir. 2002).

25          Petitioner first attempts to attribute "[s]ome of the delay" on the State Bar, which he

26  claims failed to timely notify him that Mr. Prantil had died.  Pet'r Opp'n at 2.  He asserts

27  that the attorney at the State Bar responsible for such notifications failed to confirm

28  Petitioner's then current place of incarceration, and as a result, the notification was sent to a

1   prison where Petitioner was no longer housed.  Id.  However, a state is not responsible for a

2   prisoner's delay, even if it has previously appointed counsel for him.  See Lawrence v.

3   Florida, 549 U.S. 327, 337 (2007) ("a State's effort to assist prisoners in postconviction

4   proceedings does not make the State accountable for a prisoner's delay").  In any event,

5   Petitioner knew as of August 6, 2007, (i.e., the date of the State Bar letter), that Mr. Prantil

6   had passed away.  Pet. Ex. 2 at 76, ECF No. 1-2.  Yet, Petitioner waited until December 3,

7   2008—well over a year later—to file his habeas petition in the California Supreme Court

8   (raising the same claims presented in his 1998 habeas petition filed in superior court).  As

9   such, the Court is unpersuaded that any delay by the State Bar in notifying him of Mr.

10  Prantil's death resulted in Petitioner's failure to meet the filing deadline imposed by the

11  AEDPA.

12      Next, Petitioner attributes "some" of his delay in seeking federal habeas relief to the

13  pendency of his application to seek reimbursement of funds through the State Bar's CSF.

14  Pet'r Opp'n at 2.  On an undisclosed date, Petitioner submitted an application to recover the

15  sum of $10,900 which he (through his mother) had paid to Mr. Prantal for legal

16  representation.  Pet. Ex. 2 at 80, ECF No. 1-2.[3]  On February 28, 2008, the CSF

17  Commission approved the application and ordered that the sum of $10,900 be reimbursed

18  to Petitioner.  Id. at 85.  Petitioner claims that the statute of limitations should be tolled

19  during the time his application before the CSF Commission was pending because its

20  findings would explain his delay in filing his habeas petition with the California Supreme

21  Court.  Pet'r Opp'n at 3-4.  This contention lacks merit.  There is no allegation or showing

22  that the CSF application process prevented Petitioner from filing his habeas petition in a

23  timely manner.

24      Finally, Petitioner blames the unspecified remainder of his delay on the "acts of

25  dishonesty and deceit" of Mr. Prantil.  Pet'r Opp'n at 3.  Though not stated clearly in his

26

27      [3] Petitioner concedes that he is unaware when his family contacted the CSF
    Commission, but asserts that it must have been after the date he was contacted by the State
28  Bar on August 6, 2007 regarding the passing of Mr. Prantil.  Pet'r Opp'n at 2.

1    opposition, Petitioner appears to rely on the findings of the CSF Commission that Mr.

2    Prantil acted dishonestly by delaying in providing legal services in a timely manner while

3    continuing to encourage Petitioner to pay him "for work that was time-barred or

4    procedurally incorrect."  Pet. Ex. 2 at 81-82.  While such finding may support a showing

5    that Mr. Prantil was negligent, it does not rise to the level of an "extraordinary

6    circumstance" necessary for equitable tolling.  See Souliotes v. Evans, -- F.3d --, --, 2010

7    WL 3619908, at *1 (9th Cir. Sept. 20, 2010) ("We affirm the denial of equitable tolling

8    because the failure of [petitioner]'s attorney to note the correct date on which [petitioner]'s

9    state court decision became final is not an 'extraordinary circumstance,' but rather an

10   instance of ordinary negligence.").[4]

11        The above notwithstanding, even if the entire time period from Mr. Prantil's filing of

12   the initial habeas petition on October 14, 1998, until August 6, 2007, when Petitioner was

13   notified of his death, were excluded from the statute of limitations, the instant Petition is

14   still untimely.  As of October 14, 1998, a total of 274 days of the limitations period had

15   elapsed, leaving Petitioner only 91 days under the AEDPA to file a federal habeas petition.

16   As of August 6, 2007, Petitioner knew that Mr. Prantil was deceased, and obviously, would

17   not be filing a habeas petition on his behalf.  Yet, Petitioner did not file his second habeas

18   petition in Superior Court until January 14, 2008—161 days after being notified of Mr.

19   Prantil's death.  By that point, the statute of limitation had run, and the filing of the

20   Superior Court petition did not toll the statute.  See Ferguson, 321 F.3d at 823 ("section

21   2244(d) does not permit the reinitiation of the limitations period that has ended before the

22   state petition was filed").  As such, both the instant petition, as well as the pro se petition

23

24        ────────────────

25   [4] Petitioner has separately filed a Motion to Require Respondent to Lodge Additional
     Record, in which he requests an order requiring Respondent to produce the records from
     the State Bar disciplinary proceedings involving Mr. Prantil.  See ECF No. 10.  Petitioner
26   claims that such information bears upon the nature and extent of his misconduct, as well as
     the extent to which the State Bar allegedly assumed a duty to protect Mr. Prantil's clients.
27   As discussed *supra*, however, the Petition is untimely, irrespective of Mr. Prantil's actions.
     Rather, it is clear from the record that Petitioner's own delay has resulted in the untimely
28   filing of his federal habeas petition.

1  filed on May 29, 2009 in <u>Baptista v. Clark</u>, No. C 09-2406 SBA, are time-barred as a matter

2  of law.

3         **D.**    **CERTIFICATE OF APPEALABILITY**

4      Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States

5  District Courts, "[t]he district court must issue or a deny a certificate of appealability when

6  it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.

7  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

8  made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

9  Where, as here, the petition is dismissed on procedural grounds, a certificate of

10  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

11  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists

12  of reason would find it debatable whether the petition states a valid claim of the denial of a

13  constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting

14  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  After carefully considering the entire

15  record, the Court finds that Petitioner has not satisfied the first requirement for issuance of

16  a certificate of appealability in this case.  Specifically, there is no showing that jurists of

17  reason would find it debatable whether this action is barred by the statute of limitations.

18  Accordingly, the district court declines to issue a certificate of appealability.

19  **III.**    **CONCLUSION**

20      For the reasons stated above,

21      IT IS HEREBY ORDERED THAT:

22      1.    Respondent's Motion to Dismiss is GRANTED.

23      2.    Petitioner's Motion to Require Respondent to Lodge Additional Record is

24  DENIED as moot.

25      3.    The Clerk shall close the file and terminate any pending matters.

26  //

27  //

28  //

1        4.     The Clerk shall file a copy of this Order in both Case Nos. C 09-4382 SBA

2   and C 09-2406 SBA.

3        IT IS SO ORDERED.

4   Dated: September 30, 2010

                          SAUNDRA BROWN ARMSTRONG

5                             United States District Judge